[L. A. No. 6801.  In Bank.—June 20, 1921.]

In the Matter of the Estate of GEORGE E. HENNING, Deceased.

[1] ESTATES OF DECEASED PERSONS — WILL — LETTER NOT OF TESTAMENTARY CHARACTER.—A letter written to the brother of the writer, which was entirely written, signed, and dated in the handwriting of the writer, was properly refused probate as his will, where it was evident from the whole letter that he was contemplating matrimony rather than death, and the only possible justification for the claim that it was testamentary in character was the provision that if he should get killed there was plenty of money to put him away in fine shape and that he wanted his brother to have everything.

---

1. Sufficiency of letter as a will, notes, 15 L. R. A. 635; 17 L. R. A. (N. S.) 1126.

APPEAL from an order of the Superior Court of Los Angeles County denying probate to an alleged will. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gates & Randles for Appellant.

Lester Wm. Roth for Respondent.

WILBUR, J.—This is an appeal from an order denying probate to a letter written by the deceased dated May 15, 1920, to his brother, the petitioner for its probate. Like most letters, it is entirely written, signed, and dated in the handwriting of the deceased. The letter is too long to quote. The writer states that he is coming east for the purpose of getting married. He expected to leave Los Angeles on July 3d, to arrive at Thurmont, Maryland, July 8th, and be married July 15th, if the girl he had picked out would have him. The writer discusses his own love affair and that of Hazel, who was willing to get married, but whose "Little Slim man" is very slow about asking her. The only possible justification for the claim that this letter is testamentary in character is the following: "If there is anny troble on the roade That is get hurt ore sick thay [Edison Company] look after me and if I should get killed there is plenty of money to put me away in fine shape. Then i want you to have everything." [1] From the whole letter, however, it is evident that the deceased was contemplating matrimony rather than death. The judgment of the trial court was correct.
Order affirmed.

Olney, J., Shaw, J., Angellotti, C. J., Sloane, J., Lennon, J., and Lawlor, J., concurred.